UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RANDALL BIVINS,                              )
                                             )
           Plaintiff,                        )
                                             )
v.                                           )    Case No. 13-CV-0802-CVE-PJC
                                             )
STATE OF OKLAHOMA ex rel. ROGERS             )
COUNTY DEPARTMENT OF HUMAN                   )
SERVICES, et al.,                            )
           Defendants.                       )

**OPINION AND ORDER**

Now before the Court is the Motion to Dismiss First Amended Complaint and Brief in Support of Defendants Wendy Anastasio, Amanda Arico, and Brett Trzcinski (Dkt. # 14).[1] Defendants Anastasio, Arico,[2] and Trzcinski argue that plaintiff has failed to plead sufficient facts to support his claims against the individual defendants and that they are entitled to qualified immunity from plaintiff's claims against them. Dkt. # 14. Plaintiff responds (Dkt. # 15) that sufficient facts have been plead and that Anastasio, Arico, and Trzcinski are not entitled to qualified immunity. Defendants have replied (Dkt. # 16).

---

[1]   Plaintiff filed a petition (Dkt. # 2-2) in state court, which was removed. Defendants Anastasio, Arico, and Trzcinski filed a motion to dismiss (Dkt. # 7). Before a ruling on the motion to dismiss, plaintiff filed a first amended complaint (Dkt. # 13). The first amended complaint renders the original motion to dismiss **moot**.

[2]   Plaintiff omitted Arico from the caption of his first amended complaint. Dkt. # 13, at 1. CM/ECF, the Court's electronic filing system, treats this as a termination of Arico as a party. However, the first amended complaint appears to include claims against Arico. See e.g., Dkt. # 13, at 3 ("[D]amages should issue pursuant to 42 U.S.C. § 1983 against Defendant's [sic] Arico and Trzcinski."). It is assumed that plaintiff did not wish to terminate Arico as a party and maintains his claim against her.

**I.**

Plaintiff is the natural father of K.B., a minor child. Dkt. # 13, at 1. Anastasio, Arico, and Trzcinski are employees of the Rogers County Department of Human Services (DHS). Id. at 3; Dkt. # 2-2, at 1, 3. Plaintiff states that he "is involved in a deprived proceeding in Rogers County Oklahoma." Dkt. # 13, at 1. On May 14, 2012, K.B. was placed into emergency custody because of alleged domestic violence. Dkt. # 13, at 2. Plaintiff alleges that Trzcinski submitted an affidavit that was used to help obtain emergency custody. Id. Plaintiff further alleges that, on May 15, 2012, a show cause hearing was held, but that Arico, Trzcinski, and DHS failed to provide notice of the hearing to plaintiff. Id. Plaintiff alleges that he was denied procedural due process because plaintiff was not provided notice of the hearing and was not provided an opportunity to be heard. Id. Plaintiff alleges that "Arico and Trzcinski both falsely testified at the emergency hearing and continued these misstatements in numerous subsequent court documents." Id. Plaintiff notes that K.B.'s mother, the alleged victim of domestic abuse, recanted her accusations and advised defendants that plaintiff did not abuse her. Id. Plaintiff alleges that "[n]either Arico nor Trzcinski did a reasonable investigation, and in conspiracy with the Rogers County District Attorney's Office, determined that the recanted statement was untrue." Id.

Plaintiff was also involved in a related criminal case, in which he was arrested[3] and charged with domestic assault and battery in the presence of a minor and disrupting, preventing, or interrupting an emergency telephone call. Id. at 1, 4; Dkt. # 16-1, at 2. Plaintiff alleges that Arico,

---

[3]   In response to a warrant being issued for his arrest, plaintiff turned himself in. Dkt. # 16-1, at 3-4. This is a seizure for the purposes of the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("[S]urrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment").

2

Trzcinski, and DHS used the criminal case "to thwart Plaintiff's rights in his child custody case." Dkt. # 13, at 3. He argues that the Rogers County District Attorney's Office, in conspiracy with the defendants, failed to provide him with his wife's recanted statement.[4] Id. The criminal case was dismissed without prejudice on February 25, 2013, because the State was unable to contact the victim. Id.; Dkt. # 16-1, at 4.[5] Plaintiff alleges that, because of the actions of Arico, Trzcinski, and their conspirators, his due process rights were violated and that his Fourth Amendment rights were violated when he was, allegedly, unlawfully seized. Dkt. # 13, at 3. Plaintiff alleges that Trzcinski and Anastasio maliciously prosecuted plaintiff, because the charges filed against plaintiff lacked probable cause. Id. at 5.

Additionally, plaintiff was subjected to a related protective order. Id. at 1. Plaintiff alleges that "Arico and Tabinski[6] caused Plaintiff's wife to file [for] a protective order by threatening to remove [K.B.] if she did not file [for] a protective order and told her what to say in the protective order petition and documents." Id. at 4 (footnote added). Plaintiff alleges that the resulting testimony was false. Id. The protective order was later dismissed. Id.

On October 21, 2013, plaintiff filed this suit in the District Court of Rogers County, Oklahoma. Dkt. # 2-2. Defendants removed this case on December 18, 2013, on the basis of federal question jurisdiction. Dkt. # 2. On December 26, 2013, defendants filed a motion to dismiss (Dkt.

---

[4] Presumably, plaintiff is referring to his wife's statement recanting her previous statement and not to the statement that she later recanted.

[5] Under Fed. R. Evid. 201(b), the Court may take judicial notice of public records and this includes pleadings, docket sheets, and orders in these cases and other related cases. Luis v. Argent Mortg. Co., LLC, No. 13-CV-490-JED-PJC, 2013 WL 4483503, *1 n.2 (N.D. Okla. Aug. 19, 2013).

[6] It is assumed that plaintiff is referring to Trzcinski.

3

# 7), to which plaintiff responded (Dkt. # 11) and defendants replied (Dkt. # 12). On March 4, 2014, plaintiff filed a first amended complaint.[7] Dkt. # 13. In his first amended complaint, plaintiff alleges "claims of [sic] 42 U.S.C. § 1983 against each individual defendant . . . and a malicious prosecution claim against the individual Defendants." Dkt. # 15, at 1; see Dkt. # 13. Plaintiff also alleges that DHS "violated Plaintiff's rights under the Oklahoma Constitution," and he seeks relief pursuant to Bosh v. Cherokee Cnty. Bldg. Auth., 305 P.3d 994 (Okla. 2013). Dkt. # 13, at 4. DHS has not yet been served. Defendants Anastasio, Arico, and Trzcinski move to dismiss the first amended complaint on the ground that plaintiff has failed to state a claim against them for which relief may be granted. Dkt # 14. Anastasio, Arico, and Trzcinski also allege that they are entitled to qualified immunity from plaintiff's claims against them. Id.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id.

---

[7] Plaintiff's first amended complaint was filed more than twenty-one days after his petition was served and more than twenty-one days after service of a motion under Fed. R. Civ. P. 12(b). Compare Dkt. # 14, with Dkt. # 2-3, and Dkt. # 7, at 13. Additionally, plaintiff's first amended complaint was filed without leave of the Court, and defendants do not appear to have given written consent. See Dkt. # 14, at 3. Plaintiff's first amended complaint was untimely filed. See Fed. R. Civ. P. 15(a). Additionally, plaintiff's first amended complaint does not state each claim founded on a separate transaction or occurrence in a separate count. See Fed. R. Civ. P. 10(b).

(citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

It is an understatement to state that plaintiff's first amended complaint is not a model of clarity. This is not aided by the fact that plaintiff fails to state his claims in separate counts. The Court reads the first amended complaint as alleging: a Bosh claim against DHS[8] for the violation of his rights under the Oklahoma constitution, a state law malicious prosecution claim against Anastasio and Trzcinski, and a § 1983 claim for violation of his federal constitutional rights against Anastasio, Arico, and Trzcinski. See also Dkt. # 15, at 1.

Plaintiff's § 1983 claim against Anastasio, Arico, and Trzcinski is based upon a number of allegations. Plaintiff alleges that he was unlawfully seized. Dkt. # 13, at 3, 5. He alleges that Arico

---

[8]   DHS has not yet been served, and plaintiff's Bosh claim against DHS has not been challenged by the motion to dismiss.

and Trzcinski conspired with the Rogers County District Attorney's Office to deprive him of his constitutional rights. Id. at 2-3. He argues that, as part of the conspiracy, the Rogers County District Attorney's Office did not provide his wife's recanted statement to him. Id. at 3-4. He alleges that Arico and Trzcinski induced his wife to file a protective order petition through the use of threats and supplied her with false information to be included in the protective order petition and documents. Id. at 4.

Plaintiff's § 1983 claim also relates to an ongoing deprived proceeding. Plaintiff alleges that he was denied procedural due process at the May 15, 2012, show cause hearing. Id. at 2. He alleges that Arico and Trzcinski falsely testified at the hearing. Id. He alleges that their misstatements were also included in "numerous subsequent court documents." Id. He alleges that Arico and Trzcinski did not conduct a reasonable investigation. Id.

### A.  Malicious Prosecution Claim

Plaintiff alleges that he was maliciously prosecuted by Anastasio and Trzcinski based on the criminal proceeding and the protective order. Dkt. # 13; see also Dkt. # 15, at 13. The essential elements of a state law malicious prosecution are: "(1) the bringing of the original action by the defendant; (2) its successful termination in plaintiff's favor; (3) want of probable cause to join the plaintiff; (4) malice, and (5) damages." Young v. First State Bank, Watonga, 628 P.2d 707, 709 (Okla. 1981). Anastasio and Trzcinski argue that the criminal proceeding was not terminated in plaintiff's favor. "*Dismissal without prejudice* is *not* a termination favorable to the malicious-prosecution plaintiff." Greenberg v. Wolfberg, 890 P.2d 895, 904 (Okla. 1994) (emphasis in original). The criminal case against plaintiff was dismissed without prejudice. Dkt. # 16-1, at

6

4. Therefore, it cannot serve as the basis for plaintiff's state law malicious prosecution claim. Plaintiff's state law malicious prosecution claim based upon the criminal case should be dismissed.[9]

However, the protective order may also serve as the basis for a state law malicious prosecution claim. See Dobbs v. Chrisman, No. 94,087 (Okla. Civ. App. hearing Mar. 31, 2000). Anastasio and Trzcinski do not argue that the portion of the malicious prosecution claim based upon the protective order cannot satisfy the elements of a malicious prosecution claim. See Dkt. # 14, at 9-10. They do argue that the Twombly standard has not been met, because the malicious prosecution allegations provide inadequate notice. See id. at 7. Plaintiff has made enough factual allegations with regard to the malicious prosecution claim against Trzcinski to satisfy the Twombly standard. Plaintiff alleges that Trzcinski coerced plaintiff's wife into filing a protective order petition by threatening to remove K.B. if she did not. Dkt. # 13, at 4. Plaintiff alleges that Trzcinski knew that the petition was based upon false testimony and that the protective order was later dismissed as frivolous. Id. Trzcinski has sufficient notice of the malicious prosecution claim against him, as it relates to the protective order. However, plaintiff only mentions Anastasio three times within his first amended complaint: he states that his complaint is submitted against her, that "the charges filed against Plaintiff were lacking in probable cause and Defendant [sic] Trzcinski and Anastastio [sic] maliciously prosecuted Plaintiff," and that "Anastasio and Trzcinski have acted with reckless disregard of the rights of Plaintiff." Id. at 1, 5. Plaintiff has failed to make clear exactly what Anastasio has done, beyond the conclusory allegations that she maliciously prosecuted plaintiff

---

[9] Anastasio and Trzcinski also argue that they cannot be held liable for the malicious prosecution of plaintiff because they did not initiate the criminal proceedings against him. Dkt. # 14, at 9-10. As plaintiff's claim for malicious prosecution stemming from the criminal proceedings is already being dismissed, this argument need not be addressed.

and acted with reckless disregard to his rights. Plaintiff's malicious prosecution claim based upon the protective order against Anastasio should be dismissed.

**B.     Section 1983 Claim**

**1.     Qualified Immunity**

Anastasio, Arico, and Trzcinski have raised the defense of qualified immunity to plaintiff's § 1983 claim. The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims. Serna v. Colo. Dep't of Corrections, 455 F.3d 1146, 1150 (10th Cir. 2006). The Tenth Circuit applies a two-step analysis to determine if a defendant is entitled to qualified immunity. A plaintiff must allege that the defendant's actions violated a specific constitutional right and, if the plaintiff has alleged a constitutional violation, the plaintiff must show that the constitutional right was clearly established when the conduct occurred. Toevs. v. Reid, 685 F.3d 903, 909 (10th Cir. 2012). A court has the discretion to consider the steps in whatever order is appropriate under the circumstances. Id. at 910 (citing Pearson v. Callahan, 555 U.S. 223 (2009)). A plaintiff bears the burden to prove that his constitutional rights were violated and that the law giving rise to his claim was clearly established at the time the conduct occurred. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). As DHS employees, Anastasio, Arico, and Trzcinski may raise the defense of qualified immunity. Plaintiff, therefore, has the burden of alleging that Anastasio, Arico, and Trzcinski have violated specific, clearly established constitutional rights.

In relation to the deprived proceeding, plaintiff has alleged a violation of his right to procedural due process under the Fourteenth Amendment.[10] Dkt. # 13, at 2. Specifically, plaintiff has alleged that he did not receive adequate notice of the May 15, 2012, hearing. Id. at 2, 4.[11] "Parents have a fundamental liberty interest in the 'care, custody, and management' of their children." Hollingsworth v. Hill, 110 F.3d 733, 738 (10th Cir. 1997) (quoting Santosky v. Kramer, 455 U.S. 745, 753 (1982)). "Removal of children from the custody of their parents requires predeprivation notice and a hearing except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." Id. at 739 (quoting Spielman v. Hildebrand, 873 F.2d 1377, 1385 (10th Cir. 1989) (quoting Smith v. Org. of Foster Families for Equality and Reform, 431 U.S. 816, 848 (1977))) (internal quotation marks omitted). However, plaintiff has not alleged that Anastasio, Arico, or Trzcinski were the individuals required to provide plaintiff with notice. Okla. Stat. tit. 10A, § 1-4-202(A)(1)[12] provides that a "a peace officer or an employee of the court shall provide the parent . . . immediate notice of the protective or emergency custody of the child whenever possible." Plaintiff has not alleged that

---

[10] K.B. is not a plaintiff in this action. See Dkt. # 13, at 1. As such, plaintiff is not stating a Fourth Amendment claim on the child's behalf, which would require including the child as a plaintiff. See Hollingsworth v. Hill, 110 F.3d 733, 738 (10th Cir. 1997). Additionally, Fourth Amendment claims cannot be raised vicariously; plaintiff cannot claim that the removal of K.B. violated plaintiff's Fourth Amendment rights. Id.

[11] Additionally, plaintiff alleges that the hearing was tainted by false testimony. Dkt. # 13, at 2, 4. However, "[a] witness is absolutely immune from civil liability based on any testimony the witness provides during a judicial proceeding 'even if the witness knew the statements were false and made them with malice.'" PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1196 (10th Cir. 2010) (quoting Briscoe v. LaHue, 460 U.S. 325, 332 (1983)). Therefore, an allegation of false testimony cannot support plaintiff's claim.

[12] Plaintiff has not identified the statute that he believes confers the duty of notifying plaintiff on Anastasio, Arico, and Trzcinski. The Court assumes he is referring to Okla. Stat. tit. 10A, § 1-4-202(A)(1).

Anastasio, Arico, or Trzcinski are peace officers or employees of the court, and, therefore, has failed to allege that they, in particular, are required to provide him with notice.[13] Plaintiff's claim, as it relates to the deprived proceeding, fails to allege that he has been denied a clearly established right by Anastasio, Arico, and Trzcinski and should be dismissed on the basis of qualified immunity.

Plaintiff argues that he was unreasonably seized in violation of his Fourth Amendment rights. Dkt. # 13, at 2. Plaintiff appears to argue that the criminal charges against him were unreasonable because they were based on a false allegation, which was later recanted, and that Arico and Trzcinski failed to reasonably investigate the allegation. Id. Additionally, plaintiff alleges that the charges lacked probable cause. Id. at 5. The right to be free of unreasonable seizures is a clearly established constitutional right. U.S. Const. amend. IV. This claim alleges the violation of a clearly established constitutional right.[14]

In support of his conspiracy claim, plaintiff alleges that he was unreasonably seized, in violation of the Fourth Amendment, and that exculpatory materials were not provided to him by the prosecution. Dkt. # 13, at 2-3.[15] The right to be free of unreasonable seizures and the right to be

---

[13]  Plaintiff does allege that DHS policies and procedures provide for the provision of notice, but plaintiff does not identify those polices and procedures and has not alleged that those policies and procedures would require Anastasio, Arico, or Trzcinski in particular to provide him with notice. See Dkt. # 13, at 2.

[14]  Anastasio, Arico, and Trzcinski argue that they cannot be held liable for the seizure of plaintiff because they did not initiate the criminal proceedings against him. Dkt. # 14, at 9-10. Section 1983 applies to both those who subject a person to the deprivation of their constitutional rights and those who cause a person to be subject to the deprivation of their constitutional rights. 42 U.S.C. § 1983; Pierce v. Gilchrist, 359 F.3d 1279, 1292 (10th Cir. 2004). A § 1983 action for an unreasonable seizure may be brought against those who neither initiated nor filed the charges against the plaintiff, but nonetheless acts to induce the prosecution of the plaintiff. See Pierce, 359 F.3d at 1293.

[15]  Plaintiff also alleges that a Roger's County Assistant District Attorney's conflict of interest deprived him of due process. Dkt. # 13, at 3.

provided with exculpatory materials are clearly established constitutional rights. See U.S. Const. amend. IV; United States v. Gutierrez-Hermosillo, 142 F.3d 1225, 1232 (10th Cir. 1998). This claim alleges the violation of a clearly established constitutional right.

Plaintiff alleges that Arico and Trzcinski suborned perjury in order to cause a protective order to be issued against him, in violation of his Fourteenth Amendment due process rights.[16] Dkt. # 13, at 4. The subornation of perjury by those representing the state is clearly established as a violation of the right to due process. See Lisenba v. California, 314 U.S. 219, 237 (1941); Mooney v. Holohan, 294 U.S. 103, 112 (1935) (per curiam). This claim alleges the violation of a clearly established constitutional right.

Additionally, in the qualified immunity context, the Twombly standard "may have greater bite." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

Id. at 1249-50. "This is because the purposes of plausibility, notice and gatekeeping, [sic] are best served by requiring plaintiffs to directly link an actual individual with the alleged improper conduct. When a plaintiff 'fails to isolate the allegedly unconstitutional acts of each defendant,' adequate notice is not provided to each defendant." VanZandt v. Okla. Dep't of Human Servs., 276 F. App'x

---

[16] This allegation does not implicate the Fourth Amendment, as plaintiff has not alleged a search or a seizure. See U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."); Brown v. Cnty. of Inyo, 489 U.S. 593, 596 (1989) ("Violation of the Fourth Amendment requires an intentional acquisition of physical control.").

843, 849 (10th Cir. 2008) (quoting Robbins, 519 F.3d at 1250).[17] The plaintiff "must do more than generally use the collective term 'defendants.'" Id.

Plaintiff has made more than collective allegations against Arico and Trzcinski; he identifies them by name (who), identifies their alleged conduct (what), and states that he was harmed (to whom). However, plaintiff has not provided adequate notice to Anastasio. Plaintiff specifically mentions Anastasio three times within his first amended complaint: he states that his complaint is submitted against her, that "the charges filed against Plaintiff were lacking in probable cause and Defendant [sic] Trzcinski and Anastastio [sic] maliciously prosecuted Plaintiff," and that "Anastasio and Trzcinski have acted with reckless disregard of the rights of Plaintiff." Dkt. # 13, at 1, 5. Plaintiff has failed to make clear exactly what she has done, beyond the conclusory allegations that she maliciously prosecuted plaintiff and acted with reckless disregard to his rights. All other possible allegations against her are collective allegations that fail to provide fair notice. See Robbins, at 1250. Plaintiff's claims against Anastasio should be dismissed on the basis of qualified immunity. See VanZandt, 276 F. App'x at 849.

Further, plaintiff has failed to properly allege his claim of conspiracy. In order to maintain a conspiracy action under § 1983, a plaintiff must "allege specific facts showing agreement and concerted action among defendants." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam). Plaintiff has failed to allege specific facts showing agreement and concerted action among the defendants. See generally Dkt. # 13. As such, plaintiff's conspiracy allegations against Trzcinski and Arico should be dismissed on the basis of qualified immunity. See Tonkovich v. Kan.

---

[17]   This and other unpublished opinions are cited for their persuasive value. See 10th Cir. R. 32.1(A).

Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998); see also VanZandt, 276 F. App'x at 849; Durre, 869 F.2d at 545.

**2.     Failure to State a Claim**

**a.     Section 1983 Claim for Unreasonable Seizure**

Plaintiff alleges that Arico and Trzcinski have violated his constitutional right to be free of unreasonable seizure. Dkt. # 13, at 3. The common law of torts is used as a "starting point" for determining the bounds of a claim of constitutional violations under § 1983. Pierce v. Gilchrist, 359 F.3d 1279, 1286 (10th Cir. 2004). The closest common law analogy to Anastasio, Arico, and Trzcinski's alleged conduct is the tort of malicious prosecution. See e.g., Wilkins v. DeReyes, 528 F.3d 790, 797 (10th Cir. 2008); Pierce, 359 F.3d at 1285-86. An essential element of a common law malicious prosecution action is that underlying action was successfully terminated in the plaintiff's favor. Myers v. Koopman, 738 F.3d 1190, 1195 (10th Cir. 2013); see also Young v. First State Bank, Watonga, 628 P.2d 707, 709 (Okla. 1981). "Criminal proceedings are terminated in favor of the accused by the formal abandonment of the proceedings by the public prosecutor." Wilkins, 528 F.3d at 802 (quoting Restatement (Second) of Torts § 659(c) (1977)) (internal quotation marks omitted). However, the abandonment of a charge does not necessarily constitute a favorable termination if the charge was abandoned for a reason that does not suggest that the accused is innocent or is, at least, consistent with guilt. See id. at 803. To determine whether the abandonment of a charge constitutes a favorable termination, courts "look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence." Id.; see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a malicious prosecution claim must generally

13

establish that the prior proceedings terminated in such a manner as to indicate his innocence."); Logan v. Caterpillar, Inc., 246 F.3d 912, 926 (7th Cir. 2001) (holding that the circumstances surrounding the dismissal of a charge must suggest that the charge "was dismissed for reasons consistent with [the accused's] innocence" for the charge to have been terminated in the accused's favor); Posr v. Court Officer Shield # 207, 180 F.3d 409, 418 (2d Cir. 1999) (stating that a case terminates in favor of the accused only if the final disposition indicates that the accused is innocent and that most terminations that will not support a malicious prosecution claim terminate the case without prejudice).

The criminal case against plaintiff was dismissed without prejudice because the State was unable to contact the victim. Dkt. # 16-1, at 4. The dismissal of a charge without prejudice because the victim could not be contacted does not terminate a claim in favor of the accused; a dismissal under those circumstances does not suggest that the accused is innocent and is entirely consistent with guilt. Cf. Greenberg v. Wolfberg, 890 P.2d 895, 904 (Okla. 1994) ("*Dismissal without prejudice* is *not* a termination favorable to the malicious-prosecution plaintiff.") (emphasis in original).[18] Because it fails to plead an essential element of a common law malicious prosecution claim (i.e., that the underlying action was terminated in plaintiff's favor), plaintiff's § 1983 claim on the basis of an allegedly unreasonable seizure fails to state a claim upon which relief may be granted.

---

[18]    A dismissal without prejudice is not always fatal to a common law malicious prosecution claim. See Bryson v. Macy, 611 F. Supp. 2d 1234, 1260 (W.D. Okla. 2009) (holding that a dismissal without prejudice was a termination favorable to a plaintiff where the case was dismissed because the prosecuting authority believed DNA evidence raised a reasonable doubt as to the accused's guilt).

b.	**Section 1983 Procedural Due Process Claim Relating to the Protective Order**

Plaintiff's § 1983 due process claim relating to the protective order fails to state a claim upon which relief may be granted. As discussed supra, plaintiff's § 1983 claim as it relates to the protective order alleges only a procedural due process violation; it does not allege a Fourth Amendment violation. Post-deprivation state court remedies extinguish due-process claims. Myers, 738 F.3d at 1193. Oklahoma has provided a remedy for the violation of constitutional rights by a state employee. Wilhelm v. Gray, 766 P.2d 1357, 1359-61 (Okla. 1988). Because a state court remedy exists for the alleged violation underlying plaintiff's § 1983 claim as it relates to the protective order, that claim is extinguished. As such, it should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss First Amended Complaint and Brief in Support of Defendants Wendy Anastasio, Amanda Arico, and Brett Trzcinski (Dkt. # 14) is **granted in part and denied in part**: it is granted as to all of plaintiff's claims against Anastasio, plaintiff's state law malicious prosecution claim based upon the criminal case against Trzcinski, plaintiff's § 1983 claim for unreasonable seizure against Arico and Trzcinski, § 1983 claim for violation of his right to procedural due process related to the deprived proceeding against Arico and Trzcinski, plaintiff's § 1983 conspiracy claim against Arico and Trzcinski, and plaintiff's § 1983 claim related to the protective order against Arico and Trzcinski; it is denied as to plaintiff's state law malicious prosecution claim against Trzcinski based upon the protective order.

**IT IS FURTHER ORDERED** that the Motion to Dismiss and Brief in Support of Defendants Wendy Anastasio, Amanda Arico, and Brett Trzcinski (Dkt. # 7) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause by **May 23, 2014**, why this case should not be remanded to state court because all federal claims have been dismissed. See 28 U.S.C. § 1367(c)(3).

**DATED** this 15th day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE