# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| RANDALL BIVINS, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-CV-0802-CVE-PJC ) |
| STATE OF OKLAHOMA ex rel. ROGERS COUNTY DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On October 21, 2013, plaintiff filed this suit in the District Court of Rogers County, Oklahoma. Dkt. # 2-2. Defendants removed this case on December 18, 2013, on the basis of federal question jurisdiction. Dkt. # 2. On March 4, 2014, plaintiff filed a first amended complaint. Dkt. # 13. In his first amended complaint, plaintiff alleges "claims of [sic] 42 U.S.C. § 1983 against each individual defendant . . . and a malicious prosecution claim against the individual Defendants." Dkt. # 15, at 1; see Dkt. # 13. Plaintiff also alleges that Rogers County Department of Human Services (DHS) "violated Plaintiff's rights under the Oklahoma Constitution," and he seeks relief pursuant to Bosh v. Cherokee Cnty. Bldg. Auth., 305 P.3d 994 (Okla. 2013). Dkt. # 13, at 4. DHS has not yet been served.

Defendants Wendy Anastasio, Amanda Arico, and Brett Trzcinski (the individual defendants) filed a motion to dismiss the first amended complaint on the grounds of qualified immunity and that plaintiff had failed to state a claim against them for which relief may be granted. Dkt # 14. Plaintiff responded (Dkt. # 15) and the individual defendants replied (Dkt. # 16).

On May 15, 2014, this Court entered an order granting in part and denying in part the individual defendants' motion to dismiss plaintiff's first amended complaint. Dkt. # 17. That order dismissed all of plaintiff's claims against the individual defendants, except for a state law malicious prosecution claim against Trzcinski based upon a protective order. Id. at 15. Plaintiff's Bosh claim against DHS was not challenged in the motion to dismiss. After the motion to dismiss, no federal claims remain. The order granting the motion to dismiss also ordered plaintiff to show cause by May 23, 2014, why this case should not be remanded to state court. Id. at 16. On May 21, 2014, plaintiff filed a response to the show cause order requesting that the case be remanded. Dkt. # 18.

## II.

Plaintiff's remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims related to claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see Gaston v. Ploeger, 297 F. App'x 738, 746 (10th Cir. 2008)[1] (stating that § 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims). This Court does not have original jurisdiction over plaintiff's malicious prosecution or Bosh claim, because those claims arise under state law and there is no evidence that diversity jurisdiction is present. The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by

---

[1] This unpublished opinion is cited for its persuasive value. See 10th Cir. R. 32.1(A).

retaining jurisdiction." Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

The Court finds that the extent of the pretrial proceedings does not outweigh the interests that would be served by having plaintiff's state law claims tried in a state court. Judicial economy would be served by having the Oklahoma courts resolve issues of Oklahoma law, and the parties have an interest in having their Oklahoma law disputes decided in a court intimately familiar with that law. Further, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." Gaston, 297 F. App'x at 746; see Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims). The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

**IT IS THEREFORE ORDERED** that the Court Clerk is hereby directed to **remand** this case to the District Court of Rogers County, Oklahoma.

**DATED** this 22nd day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE